HOWARTH & SMITH
DON HOWARTH, (SBN 53783)
dhowarth@howarth-smith.com
SUZELLE M. SMITH, (SBN 113992)
ssmith@howarth-smith.com
KATHERINE HIGHT, (SBN 287750)
khight@howarth-smith.com
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791

Attorneys for Plaintiff
KATZKIN LEATHER, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KATZKIN LEATHER, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROADWIRE, LLC, and CLASSIC SOFT TRIM, INC.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) Infringement of a Registered Trademark**<br>**(15 U. S. C. § 1114 and § 1125(a))**<br><br>**(2) Counterfeiting**<br>**(15 U. S. C. § 1114 et seq.)**<br><br>**(3) Trademark Dilution**<br>**(15 U. S. C. § 1125(c))**<br><br>**(4) Trade Dress Infringement**<br>**(15 U.S.C. § 1125(a))**<br><br>**(5) False Designation of Origin and Reverse Passing Off (15 U.S.C. § 1125(a))**<br><br>**(6) Unfair Competition**<br>**(15 U. S. C. § 1125(a))**<br><br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

**COMPLAINT FOR INJUNCTION, DAMAGES,**

**AND DEMAND FOR JURY TRIAL**

**PARTIES**

1.       Plaintiff Katzkin Leather, Inc. ("Plaintiff" or "Katzkin") is, and was at all relevant times alleged herein, a manufacturer of automotive seat covers, with its principal place of business in California.  Katzkin's corporate office is located at 6868 W. Acco Street, Montebello, CA 90640.  Katzkin offers thousands of patterns for interiors on domestic and imported vehicles in a range of 120 colors and materials to customers all over the world.  Katzkin markets and sells its products nationwide and in certain international geographies.  Katzkin sells to car manufacturers, automotive dealerships and independent installers.  Katzkin has registered federal trademarks for its current logo and name[1] "Katzkin," which was issued on May 29, 2012, and for the phrase "Love Your Drive ®", which was issued on August 22, 2017.  True and correct copies of Katzkin's trademark registrations are attached hereto as **Exhibit A** and **Exhibit B**, respectively. Katzkin markets and advertises its products to car manufacturers, automotive dealerships, independent installers and consumers through its website at https://www.katzkin.com/, and to its channel selling partners like car manufacturers, automotive restyling shops and automotive dealerships at https://www.katzkintoolbox.com.  The Katzkin.com website became operational in or about 1999.  The Katzkin.com website displays a copyright notation and both trademarks with the "®" symbol.  True and correct copies of screenshots of Katzkin's website reflecting the copyright notation and the trademark with

---

[1] The current name and logo trademark was issued in 2012.  Katzkin has used its brand name in commerce continuously since 1990, and has had a registered mark associated with the name Katzkin since 1996.

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1    the "®" symbol are attached hereto as **Exhibit C** and **Exhibit D**, respectively. The

2    Katzkintoolbox.com website has existed in its present format since February 2016.  The

3    Katzkintoolbox.com website displays a copyright notation of both trademarks with the ®

4    symbol.  True and correct copies of screenshots of the Katzkintoolbox.com website

5    reflecting the copyright notation and the trademark with the "®" symbol are attached

6    hereto as **Exhibit E** and **Exhibit F**, respectively.

7         2.      Defendant Roadwire, LLC ("Roadwire") is part of a corporate restructuring

8    of a set of family-owned companies originally founded in Los Angeles, California in

9    1969.  Roadwire has a website at http://roadwire.com/ and also at

10    https://roadwireleather.com/.  On information and belief, Roadwire began using its

11    http://roadwire.com website in approximately 2001.  The Roadwire website claims:

12    "Roadwire began with the culmination of John Forrister's lifetime of experience in

13    automotive sales in the largest car market in the world: Los Angeles, CA. In 1969, he

14    created the first company ever to provide customized interiors and accessories to car

15    dealers, giving customers what they wanted at prices they could afford. He created

16    Distinctive Industries (DI), which began producing and selling interiors for the beautiful

17    muscle cars of the generation. This tradition continues to this day with Distinctive

18    Industries Specialty Division interiors, known by car clubs, collectors, and enthusiasts as

19    the best reproductions on the market, utilizing the identical materials with which the

20    originals were initially built, and manufactured in Los Angeles, CA." *See* Roadwire,

21    http://roadwire.com/s.nl/it.I/id.8/.f (last visited Jan. 26, 2020); a true and correct copy of

22    this page is attached hereto as **Exhibit G**.  Roadwire markets automotive interiors in

23    California under both its Distinctive Industries and Roadwire names and markets its

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1   products for sale nationwide using the name Roadwire.  Distinctive Industries is located

2   at 10618 Shoemaker Avenue, Santa Fe Springs, California.  *See* DISTINCTIVE INDUSTRIES,

3   http://distinctiveindustries.com/about-us (last visited Feb. 22, 2020); a true and correct

4   copy of this page is attached hereto as **Exhibit I**.  Roadwire's office is located at 10618

5   Shoemaker Avenue Santa Fe Springs, California.  Roadwire and Distinctive Industries

6   are owned by the same people, and located at the same address.  Roadwire markets and

7   sells its products and does extensive business in California through Distinctive Industries

8   and under the name Roadwire.  Roadwire advertises and markets its Santa Fe Springs,

9   California location on its website and uses the website to direct customers to its Santa Fe

10  Springs location and other locations within a 400-mile radius of Los Angeles.  A true and

11  correct copy of the Roadwire locations listed on http:///www.roadwire.com as of

12  February 27, 2020 is attached hereto as **Exhibit H**.  Roadwire uses its website to market

13  and advertise its products to car manufacturers, automotive dealerships, independent

14  installers and other consumers.

15       3.    Defendant Classic Soft Trim, Inc. ("CST") is a corporation registered to do

16  business in California, wholly owned by Roadwire with a location at 10618 Shoemaker

17  Avenue, Santa Fe Springs, California.  CST, by virtue of the conduct alleged herein, was

18  acting as the agent of Defendant Roadwire through its actions directed by and for the

19  benefit of Roadwire.

20       4.    Distinctive Industries is a California corporation affiliated with Defendants

21  Roadwire and CST.  On information and belief, DI is wholly owned by the same

22  corporate group as Roadwire.  Distinctive Industries has a website at

23  http://distinctiveindustries.com/, which states that "It all started in 1969 in a little Santa

1  Monica car upholstery shop, with a dream, a prayer, and whole lot of pride." *See* **Exhibit**

2  **I**.

3      5.    Roadwire is a competitor of Katzkin in California and other states.

4  Roadwire copied and is using Katzkin's "Love Your Drive ®" trademark, trade dress,

5  and copyrighted text on its websites.  *See* ROADWIRE, http://roadwire.com/ (last visited

6  Jan. 26, 2020); ROADWIRE LEATHER, https://roadwireleather.com/ (last visited Jan. 26,

7  2020).

8  **JURISDICTION AND VENUE**

9  **Subject Matter Jurisdiction**

10      6.    This Court has subject matter jurisdiction over this case because it involves

11  violations of the Lanham Act (15 U. S. C. § 1051 et seq.).  This Court has original

12  jurisdiction over this matter pursuant to 28 U. S. C. §§ 1331, 1338(a), and 1338(b), which

13  provide that federal district courts have original jurisdiction over actions arising under

14  any act of Congress relating to trademarks, copyrights, and over actions asserting claims

15  of unfair competition under the Lanham Act pursuant to 15 U. S. C. § 1125(a).

16  **Personal Jurisdiction**

17      7.    This Court has general and specific personal jurisdiction over Defendants.

18  The Court has general jurisdiction over Defendants which collectively manufacture,

19  market, sell, and install automotive seat covers from their principal place of business

20  located at 10618 Shoemaker Avenue, Santa Fe Springs, CA 90670 under the name

21  Distinctive Industries, CST, and Roadwire.  Roadwire and CST are at home in California.

22  On information and belief, Roadwire uses the name DI for its manufacturing process and

23  both DI and Roadwire market and advertise their automotive interior kits to automobile

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  manufacturers, automobile dealers, Roadwire's wholly owned restyling shops (Defendant

2  CST), and other consumers.  DI has only one place of business located at 10618

3  Shoemaker Avenue, Santa Fe Springs, CA 90670.  Roadwire has its principal California

4  place of business at the same address.  *See* **Exhibit H.**  Roadwire operates a regional

5  distribution center advertised on its website at 10618 Shoemaker Avenue, Santa Fe

6  Springs, CA 90670.  Defendants have employees at 10618 Shoemaker Avenue, Santa Fe

7  Springs, CA 90670 who continuously conduct Defendants' business activities.  The Santa

8  Fe Springs location is also a storefront which is open to the general public, where

9  customers can directly order from the websites and pick up their automotive interior

10  restyling kits.  *See* **Exhibit H.**  In summary, on information and belief, Roadwire is

11  vertically integrated, doing its manufacturing under the DI name, most of its marketing

12  through its Roadwire names, and its installation through Defendant CST, and all of these

13  entities are located and doing business at 10618 Shoemaker Avenue, Santa Fe Springs,

14  CA 90670.

15      8.    Defendant Roadwire publishes at least three websites,

16  http://www.roadwire.com, http://www.roadwireleather.com, and

17  http://sales.roadwire.com.  Roadwire has copied design elements and website text from

18  Katzkin owned websites and added it to each of Roadwire's websites.  Roadwire placed

19  copied material on both http://www.roadwire.com (for example, from Katzkin's text on

20  frequently asked questions) and http://sales.roadwire.com (for example, a virtual copy of

21  the manufacturer resource envelopes originally created by Katzkin, from Katzkin's

22  enterprise site).  The newest site, http://www.roadwireleather.com, which went live in

23  approximately October 2019, has copied Katzkin's http://www.katzkin.com website in

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1   significant part and has copied Katzkin's trademark "Love Your Drive ®" to advertise

2   and market Roadwire's competitive products and services.  There is a significant amount

3   of sales leads from the web traffic to Roadwire's sites generated by using Katzkin's web

4   pages and trademark in California and specifically to consumers in the Central District of

5   California.  Roadwire copied Katzkin's website pages, the distinctive look and feel of

6   Katzkin's website and the trademark "Love Your Drive," in order to cause consumer

7   confusion about the source and origin of its products and to increase the likelihood of

8   sales to it through confusion by consumers in the Central District of California.  Through

9   Roadwire's three websites, which copied Katzkin's website pages and trademark,

10  Roadwire markets to consumers in the Central District of California.

11          9.      Using Katzkin's copied webpages and trademark, Roadwire's websites

12  direct customers to complete their transactions, from the purchase of the interior kits to

13  the installation of those interiors, at locations the Defendants own in the Central District

14  of California, including the principal place of business at Santa Fe Springs, California

15  and through CST at the same address.  Roadwire's marketing efforts, using Katzkin's

16  trademark and website designs, have a specific focus on locations in the Central District

17  of California.

18          10.     Further, this Court has specific jurisdiction over Defendants because each

19  engaged in intentional acts directed at this District such as copying the Katzkin website

20  pages and trademark and using the http://www.roadwireleather.com website to create

21  consumer confusion as to the source, origin, and sponsorship of Roadwire's products,

22  telling customers that Katzkin automotive interior kits were Roadwire's and that the

23  Roadwire inferior automotive interior kits were Katzkin kits, and directing sales and

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  marketing efforts to its facilities in this District, and have otherwise purposefully availed

2  themselves of the privilege of doing business in the Central District of California,

3  including at their principal location in Santa Fe Springs.

4      11.    Furthermore, Roadwire knew that its copycat site was likely to cause harm

5  in the Central District of California as described above, where Plaintiff is located.  CST

6  knew that telling customers that the Katzkin kits were Roadwire's, and Roadwire's

7  inferior kits were Katzkin's, was likely to cause harm in the Central District of California.

8  The claims in this case for violation of the Lanham Act arise out of the Defendants'

9  forum related activities, and Defendants have established contacts within the Central

10  District of California and the State of California sufficient to permit the exercise of

11  personal jurisdiction.  Defendants are at home in California, have a nexus and have

12  availed themselves of the benefits of California, and it is reasonable and fair for

13  Defendants to be sued in California for the acts which each has committed which have

14  harmed not only Katzkin but also competition and consumers in California.

15      12.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because (1) a substantial

16  part of the events or omissions giving rise to these claims occurred in the Central District

17  of California, and (2) Katzkin's intellectual property, including its trademarks, copyright,

18  and distinctive trade dress, were created and are maintained in the Central District of

19  California.

20                    **PLAINTIFF'S BUSINESS AND TRADEMARKS**

21      13.    Katzkin is a well-known California based manufacturer of interiors for

22  automobiles.  The company was founded in 1983 by Mitch Katz.  Katz oversaw the

23  ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

design and manufacture of high-quality automotive interiors to increase consumer choice in the automotive upholstery marketplace.

14.     Roadwire or its predecessors, were also originally founded in California, by John Forrister in 1969.  Roadwire is a major competitor of Katzkin in the design, manufacture, and sale of interiors for automobiles.  Katzkin has been very successful in competing with Roadwire, and Roadwire perceives Katzkin as a very successful threat to its historical market position in the business of selling automobile seat covers in California and elsewhere.

15.     Katzkin's marketing efforts to independent professional restyling shops, car manufacturers, dealerships, specialty vehicle trim companies, as well as car owners and prospective purchasers, represent a significant investment in bringing increased awareness of its products to consumers directly.

16.     In response to Katzkin's success as a competitor, Roadwire has tried to acquire Katzkin at least twice in about 2009 and 2016.  Katzkin has continued to refuse Roadwire's overtures to acquire it, and Roadwire has then infringed Katzkin's trademarks, as set forth above.

17.     Katzkin has lawfully engaged in a number of activities in the market to successfully compete with Roadwire.  For example, in 2017, Katzkin hired outside designers and web developers to work with its internal marketing staff to create a distinctive trademark to use with its products and a Katzkin-distinctive, attractive website for promotion, marketing and sales of its products.  Katzkin spent hundreds of thousands of dollars, at least, on the research and development of its registered trademark, "Love

///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  Your Drive," and on the website, Katzkin.com.  Katzkin also pays a significant monthly
2  fee to run, maintain, and update the website.

3      18.    Katzkin's trademarks are federally registered.  *See* **Exhibits A and B**.
4  Katzkin uses the ® symbol on its website with its trademark.  *See* **Exhibit D**.  Katzkin's
5  website pages plainly state that its website is copyrighted.  *See* **Exhibit C**.

6      19.    Katzkin's website went through multiple iterations and refinements to design
7  specific elements and content before and after its 2017 redesign. The website reflects
8  both professional design and website development guidance with the goal of attracting
9  customers to Katzkin products and so that customers would identify high quality interiors
10  for automobiles with Katzkin.  Katzkin and its team of inside and outside marketing,
11  design, and development specialists created distinctive designs including color choices,
12  particular shapes and sizes for symbols and font and the placement and selection of text
13  to communicate a Katzkin-specific look and feel to its customers.  The Katzkin website
14  uses distinctive image sliders of a car interior before the Katzkin product is installed and
15  after it is installed, and a distinctively designed three-step order process, with white text
16  on a dark grey background.  The progression of content and artistic designs were
17  consciously constructed for maximum effectiveness as the viewers scroll down the page
18  from introduction to video to three-step ordering process to before and after image slider
19  to customer feedback, followed by links to more videos – all to create customer
20  identification with Katzkin.

21      20.    Katzkin also uses its registered trademark "Love Your Drive," as a
22  prominent feature of the website. These design elements are property of Katzkin, were
23  paid for by Katzkin, and are part of Katzkin's protectable trade dress.

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

21.     Katzkin has extensively promoted and advertised its products for sale in conjunction with the mark "Love Your Drive ®" in California and throughout the United States, and has continuously used the "Love Your Drive ®" mark in its marketing and sales materials since 2017.  Katzkin has marketed its trademark in its catalogs, on its sample cards, tee shirts, website, during national trade show appearances, literature, brochures, and digital advertisements.  On its print and electronic materials, Katzkin displays the ® mark next to its registered mark to make clear that it has a validly registered trademark for that phrase.  For example, the following appears on Katzkin.com:





22.     As a result of Katzkin's website, marketing strategy and its efforts to cultivate its reputation in the industry, the Katzkin brand – and its key phrase, "Love

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1   Your Drive ®" – have come to represent Katzkin's high quality aftermarket interiors in
2   the marketplace.

3       23.     "Love Your Drive ®" is widely recognized by the relevant consumers as a
4   designation referring to Katzkin interiors.  Katzkin has used its mark in advertising and
5   publicity continuously since December 2016 to market its entire product range in national
6   campaigns.  The "Love Your Drive ®" mark has been used in connection with a broad
7   and substantial range of sales of Katzkin's products.

8       24.     Katzkin's distinctive website has been very effective in attracting sales of
9   Katzkin's products.

10      25.     Since the launch of the new website in 2017, the number of visits to the
11  Katzkin website increased by millions and the sales leads increased by approximately 10
12  fold.

13               **ROADWIRE'S CONDUCT AND BASES FOR ITS LIABILITY**

14      26.     Roadwire and Katzkin are direct competitors in the sale of automotive
15  interiors.

16      27.     Roadwire owns, operates, and controls at least three different websites:
17  http://www.roadwire.com, http://www.roadwireleather.com, and
18  http://sales.roadwire.com/.

19      28.     Roadwire has used Katzkin's federally registered trademarked phrase, "Love
20  Your Drive ®", on its http://www.roadwireleather.com website since at least October
21  2019, in connection with the sale of its own products, creating a false association of the
22  mark with Roadwire's products, without Katzkin's permission.  As of December 16,
23  ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  2019, Roadwire's website, http://roadwireleather.com, clearly and prominently displayed

2  the "Love Your Drive" mark that is owned by Katzkin:



11      29.    Roadwire also posted an advertising video on http://www.youtube.com,

12  using Plaintiff's registered mark to refer to its own products, creating a false association,

13  origin and sponsorship confusion and likelihood of confusion among the general public

14  and customers as to Roadwire and Plaintiff's products.  The video is available at

15  https://www.youtube.com/watch?v=TmPSUGnnQKw and last accessed on January 23,

16  2020.

17      30.    Furthermore, Roadwire is infringing on Plaintiff's protected trade dress.

18  Roadwire has directly copied, or closely modelled, a number of the design elements of

19  Katzkin's website on its own.

20  ///

21  ///

22  ///

23  ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1        31.    For example, Roadwire's website http://www.roadwireleather.com copies

2 the following portion of Katzkin's website at http://www.Katzkin.com verbatim:



10

11      The above is from Katzkin's website at http://www.Katzkin.com.  The below is

12 from Roadwire's http://www.roadwireleather.com:



22 ///

23 ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

32.     Roadwire's http://www.roadwireleather.com website recently changed the wording of this site feature, and it now appears as follows, still with nearly identical wording:



33.     Similarly, Roadwire's website directly copied Katzkin's use of the "before and after" slider feature on its website, which allows customers to slide a cursor across an image of an automobile interior before and after the installation of an interior.  This feature is visible as follows on the Katzkin website at http://www.Katzkin.com:



COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

34.     Roadwire's http://www.roadwireleather.com website includes a direct copy of the same feature, as seen on the following screen shot from the homepage of http://www.roadwireleather.com:



///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

35.     Similarly, Roadwire directly copied the "Frequently Asked Questions" section of Katzkin's website from http://www.Katzkin.com.  The following is a prior version of the "FAQ" section of Katzkin's current website, originally posted in 2012:

## FAQ

**DOES KATZKIN OFFER LEATHER INTERIORS FOR ALL CARS AND TRUCKS?**

Our product line is comprehensive and is constantly expanding. With more than 2,000 different vehicle applications, we offer leather trimmed interiors for almost any car or truck on the road today.

**HOW DOES THE QUALITY OF A KATZKIN INTERIOR COMPARE TO A FACTORY-INSTALLED LEATHER INTERIOR?**

Our interiors are produced from the finest imported automotive leathers and are specifically engineered to meet or exceed factory performance specifications. Our quality and craftsmanship have been tested and approved by a variety of new vehicle manufacturers, including Chrysler, Dodge, Jeep, Ram, Volkswagen and Ford Motor Company.

**DOES IT COME WITH A WARRANTY?**

Yes. Every Katzkin leather interior is backed by a 3 year/36,000 mile national warranty. How much will it cost? Can I finance a Katzkin interior as a part of my new car loan? Suggested retail prices for Katzkin interiors range from $1,895 - $2,195 for a 2-Row interior. Qualifying consumers can finance our interiors as a part of their new vehicle loan, often for as little as $25 per month.

**HOW LONG DOES IT TAKE TO GET LEATHER INSTALLED?**

In most instances, your Katzkin leather trimmed interior will be delivered with your new vehicle. The dealership usually handles all of the logistics, and the interior is usually installed in only 2 days.

**WILL LEATHER ADD VALUE TO MY CAR?**

If given a choice, most consumers prefer leather. Leather not only provides visual appeal and comfort, but also has tremendous practical value due to ease of clean up and maintenance.

Roadwire's website contains a direct copy of Katzkin's "FAQ" page.  The following appears on Roadwire's http://www.roadwire.com:

**Q: Does Roadwire offer leather interiors for all cars and trucks?**
A: Our product line is comprehensive and is constantly expanding. With more than 6,000 different vehicle applications, we offer leather trimmed interiors for almost any car or truck on the road today.

**Q: How does the quality of a Roadwire interior compare to a factory-installed leather interior?**
A: Our interiors are produced from the finest imported automotive leathers and are specifically engineered to meet or exceed factory performance specifications. Our quality and craftsmanship have been tested and approved by a variety of new vehicle manufacturers, including Mitsubishi and Ford Motor Company.

**Q: Does it come with a warranty?**
A: Yes. Every Roadwire leather trimmed interior is backed by a 3 year/36,000 mile national warranty.

**Q: How much will it cost?**
A: Suggested retail prices for Roadwire interiors depend on your vehicle and the options you would like to have.  Ask your restyler, or if you have not yet selected one, call our customer service team  at 1-877-762-3947 for your nearest Roadwire Authorized Installer.

**Q: How long does it take to get leather installed?**
A: Depending on your options and your vehicle, the interior for your vehicle will be shipped from our nearest warehouse, or it will be custom made.  The restyler usually handles all of the logistics, and the interior is usually installed in a few hours.

**Q: Will leather add value to my car?**
A: Leather increases the value of a vehicle to a lender because, if given a choice, most consumers prefer leather. Leather not only provides visual appeal and comfort, but also has tremendous practical value due to ease of clean up and maintenance.

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1       Roadwire has also copied elements of the look and feel of Katzkin's channel

2 selling partner website, http://www.katzkintoolbox.com:



15 This is how the similar portion of Roadwire's analogous site directed to automotive

16 industry professionals, http://sales.roadwire.com, appears:



COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

36. Similarly, Roadwire copied the color scheme from Katzkin's http://www.Katzkin.com website feature containing a "question-and-answer" from a customer and almost repeated the same words. The following is from Katzkin's website at http://www.Katzkin.com:



Roadwire's website at http://www.roadwireleather.com contains almost an identical copy of this design feature in terms of color, font and placement design, and very close wording, which is as follows:

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

37.     Roadwire has attempted to directly copy or substantially replicate numerous elements of the "look and feel" of Katzkin's trade dress found on its website at http://www.Katzkin.com by launching its copycat site at http://www.roadwireleather.com and by copying a key element from its http://www.katzkintoolbox.com site.  The striking similarities demonstrate that Roadwire intended to copy the "look and feel" of Plaintiff's http://www.Katzkin.com website, including the particular features, format, design, font, and overall color schemes to capitalize on Katzkin's successful trade dress and trademark

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1   and to cause consumer confusion as to the origin, sponsorship and endorsement of the

2   products.  Katzkin's website at http://www.Katzkin.com appears as follows:

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

38.     Roadwire's website appears as follows, at http://www.roadwireleather.com:



39.     Roadwire's original web presence at http://www.roadwire.com uses black text on a white background. When Roadwire launched http://www.roadwireleather.com,

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  it changed its own design (including the use of black on white text) to mimic exactly the

2  design used by Katzkin's website (down to the light text on a very dark background and

3  the warm toned accent text, which is orange on Katzkin's site and red on the Roadwire

4  site).

5      40.    All of the design elements of Katzkin's website that Roadwire copied are

6  nonfunctional; they serve no functional purpose related to Katzkin's automotive interiors.

7  The design of the website and the trade dress is for promotional and marketing purposes

8  and to increase Katzkin's distinctive name and product recognition in the consumer

9  market.  Katzkin's website does not affect the cost or the quality of Katzkin's products.

10     41.    The design elements of Katzkin's website that Roadwire copied, considered

11 as a whole, create an inherently distinctive website, that the consuming public recognizes

12 as associated with Katzkin.

13     42.    Roadwire uses the design elements and replicated the "look and feel" of

14 Katzkin's website, without Katzkin's permission, and in a manner that is likely to cause

15 consumer confusion.  Roadwire's goods and services offered for sale are of the same type

16 of goods and services as Katzkin offers.  Roadwire's use of Katzkin's protectable trade

17 dress gives the impression that there is an association between the two companies, when

18 in fact there is no association.

19     43.    Roadwire's use of Katzkin's trade dress also creates the impression that the

20 same products and services are being sold under two different brand names, when in fact

21 the two companies' products and services are designed, sourced, manufactured and

22 provided differently.

23 ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

44.     Roadwire has thus infringed, and continues to infringe, on both Plaintiff's registered trademark and its protected trade dress.  Roadwire's use of the phrase "Love Your Drive" in connection with the sale of its own goods and services infringes upon a federally registered trademark held by Katzkin.  Roadwire's actions in copying the look and feel of Katzkin's website infringe upon the distinctive trade dress and design elements of Katzkin's website.

45.     Roadwire had notice that Katzkin had trademarked the phrase "Love Your Drive ®".  Katzkin displays the ® mark on its website.  In addition, Roadwire and Katzkin representatives attend the same trade shows, and work with many of the same independent restyling shops.  Roadwire representatives also regularly circulate Katzkin materials internally when Katzkin releases a new design.  Katzkin displays, design materials, sample cards, and promotional material clearly display the ® mark on its materials.

46.     Roadwire used Katzkin's mark to describe and market its own products.  Roadwire used Katzkin's mark in its entirety without permission on its website, YouTube videos, and in online advertisements.  Roadwire's use of Katzkin's mark did not identify or distinguish Katzkin products and services from Roadwire products and services.

47.     Roadwire's use of Katzkin's mark is likely to lead to consumer confusion including because Roadwire and Katzkin are direct competitors offering the same type of product and services for sale in the marketplace.

48.     Roadwire's use of Katzkin's registered trademark and of the protectable trade dress elements of Katzkin's website are willful.  Roadwire knew of the federally registered marks and that the trade dress and websites were identified with and owned by

1   Katzkin.  Nevertheless, Roadwire did copy and virtually copied this property of Katzkin.

2   The use of Katzkin's mark and website design was deliberate and calculated to create

3   confusion in the marketplace and for the purpose of diluting Katzkin's brand and

4   reputation in which Katzkin has made a substantial financial investment and because

5   Roadwire seeks to reduce or eliminate Katzkin's presence in the market.  Roadwire's

6   willfulness is evident from, among other things, the exact copying of all of the elements

7   of Katzkin's website.

8       49.    Additionally, there is a particular risk of confusion in this case because

9   Roadwire has made multiple overtures to acquire Katzkin, and the fact that those

10  overtures have been made are known within the automobile interior community.  For

11  example, there is a substantial risk that business customers like automobile dealerships

12  and restyling shops, as well as the distinct consumer audience, are likely to believe that

13  Roadwire did acquire Katzkin and there is now only one company.

14      50.    Katzkin has a far superior reputation in the automotive seat cover segment

15  of the interior industry than Roadwire.  Katzkin is associated with higher quality and

16  better service than Roadwire.

17      51.    Katzkin customers have reported asking for Katzkin products to be installed,

18  only to receive a Roadwire product represented to be a Katzkin product.  These customers

19  have noted that the product that they received was not up to the standards of a Katzkin

20  product.  For example, one consumer in the Salt Lake City area posted to a Toyota

21  Tacoma owners' internet forum in January 2018 to report problems with a Katzkin

22  ///

23  ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  product that, following an investigation by Katzkin, ultimately turned out to be a

2  Roadwire product.

3          52.     Additionally, Roadwire has also engaged in reverse passing off through its

4  agents and affiliates.  Installers at Defendant CST, acting as Roadwire's agent, have

5  installed Katzkin products on customer vehicles, under the express instruction from

6  Roadwire to remove all Katzkin tags from the seats before providing them to their

7  customers, so that the customer would not know that he or she had received a Katzkin

8  product, rather than a Roadwire product.  For example, on one such occasion in June

9  2013, Neil Finegold, a Regional Sales Manager at Classic Soft Trim's Santa Fe Springs

10 location, instructed the installers at CST Shop #101 regarding a kit on a Toyota RAV4:

11 "DO NOT FORGET TO REMOVE THE KATZKIN SEAT TAGS."  Roadwire's

12 actions, through its agent, CST, in so doing are a clear attempt to misappropriate the

13 reputation, goodwill, and workmanship of Katzkin products, to deprive Katzkin of the

14 advertising value of its name and of the goodwill that otherwise would stem from public

15 knowledge of the true source of the product, and to deprive the purchaser of the

16 knowledge of the true source of the product and create the misimpression that it came

17 from a different source.

18         53.     Thus, Roadwire's infringement of the Katzkin trademark is likely to damage

19 Katzkin's reputation in the industry.

20         54.     Additionally, Roadwire's use of Katzkin's trademark and trade dress has

21 caused Katzkin to lose sales and Roadwire has increased its revenues due to its infringing

22 activities.

23 ///

## COUNT I

## Infringement of a Registered Trademark

## (15 U. S. C. § 1114 and § 1125(a))

### (Against Defendant Roadwire)

55.     Plaintiff realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56.     The phrase "Love Your Drive ®" is a valid, protectable trademark.

57.     Plaintiff is the owner of the registered trademark "Love Your Drive" (Registration # 5272882 on the Principal Register of the United States Patent and Trademark Office).  The trademark was originally registered on August 22, 2017 and has been in continuous use from that time to the present.  A true and correct copy of the registration is attached hereto as **Exhibit B**.

58.     Plaintiff displays the letter R enclosed within a circle ( ® ) next to the mark on its advertising material, including on its publicly-available website located at https://www.katzkin.com/, as follows:



59.     Roadwire had statutory notice of the registration of the "Love Your Drive ®" trademark by virtue of the display of the registration mark ( ® ) on several pages

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1   of Katzkin's website, including its home page, as well as the notation of the mark on

2   Katzkin's marketing materials, sample cards, and display material at industry trade

3   shows.

4       60.     Roadwire had actual notice of Plaintiff's "Love Your Drive ®" mark

5   because it regularly circulated Katzkin materials containing the mark between its various

6   offices.

7       61.     As of December 16, 2019, Roadwire's website, available at

8   https://www.roadwireleather.com/, displayed Plaintiff's trademarked phrase "Love Your

9   Drive" on its homepage:

10
11
12
13   
14
15
16

17      62.     Roadwire additionally used Plaintiff's "Love Your Drive" trademark in an

18   advertising video that it posted to http://www.youtube.com, which is available at

19   https://www.youtube.com/watch?v=TmPSUGnnQKw and was last accessed on January

20   23, 2020.

21   ///

22   ///

23   ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1    63.    Additionally, in approximately December 2019, Roadwire used Plaintiff's
2    mark in the following Facebook.com advertisement:



22    64.    At no time did Roadwire have Plaintiff's permission to use its registered
23    mark.

65.     Roadwire used Katzkin's mark to describe and market its own products and services.  Roadwire used Katzkin's mark in its entirety without permission on its website, in its Facebook advertising, and in a video posted by Roadwire to YouTube, at least. Roadwire's use of Katzkin's trademark did not identify or distinguish Katzkin products and services from Roadwire products and services.

66.     Roadwire's use of Katzkin's mark is likely to lead to consumer confusion because Roadwire and Katzkin offer the same type of product and services for sale in the marketplace.

67.     Plaintiff and Roadwire are in the same line of business, and Roadwire's use of Plaintiff's registered mark is likely to cause confusion among relevant consumers as to the source, sponsorship, affiliation, or approval of goods offered for sale on Roadwire's website – which are the same type of goods and services sold by Plaintiff.  It is also likely to cause confusion among Katzkin's channel selling partners such as restyling shops, automotive dealerships and automotive manufacturers.

68.     Roadwire had actual knowledge of Plaintiff's trademark, and as a direct result of Roadwire's wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial, including a loss of goodwill and deprivation of the full value of its federally-registered trademark, injury to Katzkin's reputation, dilution of the value of the trade mark, lost profits, expenses related to preventing customers from being deceived and corrective advertising, and the cost of future corrective advertising to correct public confusion.  Katzkin is also entitled to Roadwire's profits attributable to the infringement.

69.     Plaintiff has no adequate remedy at law for Roadwire's violation of its exclusive rights in the registered mark as set forth above, and there is a substantial

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  risk of additional harm unless Roadwire is enjoined by this Court from further infringing

2  activity.

3      70.     Because Roadwire acted maliciously, fraudulently, deliberately, and/or

4  willfully,), Plaintiff is also entitled to recover treble damages and, because Roadwire's

5  conduct is exceptional, its attorney's fees and costs pursuant to 15 U. S. C. § 1117.

6                              **COUNT II**

7              **Counterfeiting (15 U. S. C. § 1114 et seq.)**

8                  **(Against Defendant Roadwire)**

9      71.     Plaintiff realleges and incorporates by reference paragraphs 1 through 70 as

10 if fully set forth herein.

11     72.     Roadwire reproduced a counterfeit of Plaintiff's registered trademark

12 registered on the Principal Register of the U.S. Patent & Trademark Office.  Roadwire's

13 reproduction was a counterfeit, copy, or colorable imitation of Katzkin's registered mark.

14     73.      Roadwire's counterfeit was a spurious mark identical to Plaintiff's validly

15 registered "Love Your Drive®" mark.

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

31

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

74.     Roadwire affixed Plaintiff's trademark to its website on https://www.roadwireleather.com without Plaintiff's permission in its electronic communications:



75.     Defendant additionally used Plaintiff's "Love Your Drive" trademark in an advertising video that it posted to http://www.youtube.com, which is available at https://www.youtube.com/watch?v=TmPSUGnnQKw and was last accessed on January 23, 2020.

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

76.     Additionally, in or about December 2019, Defendant used Plaintiff's mark in the following Facebook.com advertisement:



77.     Defendant used Plaintiff's trademark in the sale, offering for sale, distribution, or advertising of goods and services covered by Plaintiff's trademark registration, and that use is likely to cause confusion, to cause mistake, or to deceive.

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

78.     Defendant intentionally used Plaintiff's trademark on its website by directly copying several elements of the Plaintiff's website, including its trademarked phrase "Love Your Drive®," knowing it was a counterfeit copy of a protected trademark and trade dress of its competitor.

79.     As a direct result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial, including a loss of goodwill and deprivation of the full value of its federally registered trademark.

80.     Plaintiff has no adequate remedy at law for Defendant's violation of its exclusive rights in the registered mark as set forth above, and there is a substantial risk of additional harm unless Defendant is enjoined by this Court from further infringing activity.

81.     Because Defendant's infringement was willful, Plaintiff is also entitled to recover treble damages and its attorney's fees and costs pursuant to 15 U. S. C. § 1117.

## COUNT III

## Trademark Dilution (15 U. S. C. § 1125(c))

### (Against Defendant Roadwire)

82.     Plaintiff realleges and incorporates by reference paragraphs 1 through 81 as if fully set forth herein.

83.     Plaintiff's registered mark "Love Your Drive ®" is famous and distinctive in the aftermarket automotive restyling market.  The mark has been in continuous use since December 2016 on all of Plaintiff's marketing material worldwide, including its website advertising and advertising in all geographies in the United States and several international markets.

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

84.    Defendant, by virtue of its use of Plaintiff's mark on its website and its use of the mark on http://www.youtube.com, its distribution of marketing materials throughout the United States, and distribution of sample cards and sample books containing the ® mark, used Plaintiff's mark in interstate commerce.

85.    Defendant's use of the mark began after Plaintiff's mark was registered with the United States Patent and Trademark Office, and after the mark became famous.

86.    Defendant's wrongful use of the mark is likely to cause dilution and cause the mark to lose its ability to serve as a unique identifier of Katzkin (blurring the uniqueness of the mark).  Defendant used Plaintiff's mark to identify and describe Defendant's goods, despite the fact that there is no relationship between goods and services offered for sale by Plaintiff and goods and services offered by Defendant.

87.    Defendant's use of Plaintiff's mark is also likely to cause reduction in value of the mark because Defendant's use weakens the distinctiveness of Katzkin's mark by creating the impression that the goods and services offered by Katzkin are the same as the goods and services offered by Roadwire.  Roadwire's products and services are inferior to Katzkin's, and improperly associating them with Katzkin's trademark is likely to harm Katzkin's reputation and that of its trademark.

88.    As a direct result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial, including a loss of goodwill and deprivation of the full value of its federally registered trademark.

89.    Plaintiff has no adequate remedy at law for Defendant's violation of its exclusive rights in the registered mark as set forth above, and there is a substantial risk of ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1    additional harm unless Defendant is enjoined by this Court from further infringing

2    activity.

3        90.    Because Defendant acted maliciously, fraudulently, deliberately, and/or

4    willfully, Plaintiff is also entitled to recover treble damages and, because Defendant's

5    conduct is exceptional, its attorney's fees and costs pursuant to 15 U. S. C. § 1117.

6                              **COUNT IV**

7              **Trade Dress Infringement (15 U.S.C. § 1125(a))**

8                    **(Against Defendant Roadwire)**

9        91.    Plaintiff realleges and incorporates by reference paragraphs 1 through 90 as

10   if fully set forth herein.

11       92.    The look and feel of Plaintiff's website, including but not limited to the

12   three-step order and installation language and design, frequently asked questions text and

13   design, and overall design and colors, fonts, text and placement of text, including use of

14   the trademark, are inherently distinctive or have acquired secondary meaning.

15       93.    Plaintiff owns the look and feel of its website, including but not limited to

16   the three-step order and installation language and design, frequently asked questions text

17   and design, and overall design and colors, fonts, text and placement of text, including use

18   of the trademark, which are non-functional and have acquired secondary meaning

19   associated with Katzkin.

20       94.    As set forth above, Defendant substantially or entirely copied each of the

21   elements of Plaintiff's website described above for Defendant's own website,

22   https://www.roadwireleather.com, without the consent of the Plaintiff in a manner that is

23   likely to cause confusion among ordinary consumers as to the source, sponsorship,

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

affiliation, or approval of the Defendant's goods and services.  Defendant's imitation of Katzkin's website creates a likelihood of consumer confusion.

95.    As a direct result of Defendant's wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial, including a loss of goodwill and deprivation of the full value of its trade dress.

96.    Plaintiff has no adequate remedy at law for Defendant's violation of its exclusive rights in the trade dress as set forth above, and there is a substantial risk of additional harm unless Defendant is enjoined by this Court from further infringing activity.

97.    Plaintiff is also entitled to recover its attorney's fees and costs.

## COUNT V

### False Designation of Origin and

### Reverse Passing Off (15 U.S.C. § 1125(a))

**(Against All Defendants)**

98.    Plaintiff realleges and incorporates by reference paragraphs 1 through 97 as if fully set forth herein.

99.    Katzkin® is a registered trademark on the Principal Register of the United States Patent and Trademark Office which has been a registered mark since May 29, 2012.  *See* **Exhibit A**.

100.    Katzkin has a far superior reputation in the automotive seat cover segment of the car upholstery industry than Roadwire.  Katzkin is associated with higher quality and better service than Roadwire.

///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

101.   Since approximately 2013, Katzkin interior kits have included a brand tag sewn into the kit itself that uses the "Katzkin" trademark as part of the overall branding effort to build broader consumer awareness of Katzkin's superior quality.  Those tags appear on the kits placed as in the example below:



102.   Roadwire has engaged in reverse passing off through its agents and affiliates.  Installers at Defendant CST have installed Katzkin products on customer vehicles, under the express instruction from Roadwire and/or its agents and affiliates to remove all Katzkin tags from the products before providing them to their customers, so that the customer would not know that he or she had received a Katzkin product.

103.   Roadwire and its agent CST's actions were for the express purpose of misappropriating the reputation, goodwill, and workmanship of Katzkin products, depriving Katzkin of the advertising value of its name and of the goodwill that otherwise would stem from public knowledge of the true source of the product, and depriving the
///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  purchaser of the knowledge of the true source of the product and create the

2  misimpression that it came from a different source.

3      104.   Roadwire and its agent CST did not have Katzkin's permission to undertake

4  any of these actions.

5      105.   As a direct result of Defendants' wrongful conduct, Plaintiff has been

6  damaged in an amount to be proven at trial, including a loss of goodwill and deprivation

7  of the full value of its trademark.

8      106.   Plaintiff has no adequate remedy at law for Defendants' violation of its

9  exclusive rights in the trademark as set forth above, and there is a substantial risk of

10  additional harm unless Defendants are enjoined by this Court from further infringing

11  activity.

12      107.   Plaintiff is also entitled to recover its attorney's fees and costs.

13  **<u>COUNT VI</u>**

14  **<u>Unfair Competition (15 U. S. C. § 1125(a))</u>**

15  **(Against All Defendants)**

16      108.   Plaintiff realleges and incorporates by reference paragraphs 1 through 108 as

17  if fully set forth herein.

18      109.   Plaintiff has a valid, registered trademark and has placed the trademarked

19  phrase "Love Your Drive ®" with the letter R enclosed in a circle on its advertising

20  material since at least 2017.

21      110.   Roadwire was aware of the use of the "Love Your Drive ®" mark in

22  commerce.

23  ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

111.   As of December 16, 2019, Roadwire's website, available at https://www.roadwireleather.com/, displayed Plaintiff's trademarked phrase "Love Your Drive" on its homepage:



112.   Roadwire additionally used Plaintiff's "Love Your Drive" trademark in an advertising video that it posted to http://www.youtube.com, which is available at https://www.youtube.com/watch?v=TmPSUGnnQKw and last accessed on January 23, 2020.

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1        113.   Additionally, in or about December 2019, Roadwire used Plaintiff's mark in

2   the following Facebook.com advertisement:



18        114.   Roadwire's use of the "Love Your Drive ®" mark on its website and on

19   http://www.youtube.com is likely to cause confusion, or to cause mistake, or to deceive

20   as to the affiliation, connection, or association of Roadwire's products and services with

21   Plaintiff's product and services, or as to the origin, sponsorship, or approval of

22   Roadwire's goods and services.

23   ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

115.    As a direct result of Roadwire's wrongful conduct, Plaintiff has been damaged in an amount to be proven at trial, including a loss of goodwill and deprivation of the full value of its federally registered trademark.

116.    Additionally, as set forth above, Roadwire substantially or entirely copied each of the elements of Plaintiff's website described above for Roadwire's own website, roadwireleather.com, without the consent of the Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Roadwire's goods and services.

117.    The look and feel of Plaintiff's website, including but not limited to the three-step order and installation language and design, frequently asked questions text and design, and overall design and colors, fonts, text and placement of text, including use of the trademark, are inherently distinctive or have acquired secondary meaning.

118.    Plaintiff owns the look and feel of its website, including but not limited to the three-step order and installation language and design, frequently asked questions text and design, and overall design and colors, fonts, text and placement of text, including use of the trademark, which are non-functional and have acquired secondary meaning associated with Katzkin.

119.    Roadwire's imitation of Katzkin's website creates a likelihood of consumer confusion.

120.    Additionally, Roadwire has also engaged in reverse passing off through its agents and affiliates.  Installers at Defendant CST have installed Katzkin products on customer vehicles, under the express instruction from Roadwire and/or its agents and affiliates to remove all Katzkin tags from the products before providing them to their

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1  customers, so that the customer would not know that he or she had received a Katzkin

2  product.

3      121.   Roadwire and its agent CST's actions were for the express purpose of

4  competing unfairly in the market by misappropriating the reputation, goodwill, and

5  workmanship of Katzkin products, depriving Katzkin of the advertising value of its name

6  and of the goodwill that otherwise would stem from public knowledge of the true source

7  of the product, and depriving the purchaser of the knowledge of the true source of the

8  product and create the misimpression that it came from a different source.

9      122.   Roadwire and its agent CST did not have Katzkin's permission to undertake

10  any of these actions.

11      123.   As a direct result of Defendants' wrongful conduct, Plaintiff has been

12  damaged in an amount to be proven at trial, including a loss of goodwill and deprivation

13  of the full value of its trademarks and trade dress.

14      124.   Plaintiff has no adequate remedy at law for Defendants' violation of its

15  exclusive rights in the registered marks as set forth above, and the rights to its trade

16  dress, and there is a substantial risk of additional harm unless Defendants are enjoined by

17  this Court from further unfair competition.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Katzkin Leather, Inc., requests that this Court enter judgment in its favor and against Defendants and award it:

      1.     A permanent injunction enjoining Defendants from using Plaintiff's registered trademarks and trade dress, including enjoining Defendants from any use or copying of Plaintiff's registered "Love Your Drive ®" mark, Katzkin® as well as the distinctive design components of any of Plaintiff's websites or trademarks;

      2.     A permanent injunction enjoining Defendants from removing the tags on a Katzkin product and representing that such product is a Roadwire product;

      3.     A permanent injunction enjoining Defendants from installing a Roadwire product and representing that it is a Katzkin product;

      4.     Defendants' revenues and/or profits, in an amount to be determined at trial;

      5.     Actual damages sustained by Plaintiff, in an amount to be determined at trial but in no event less than $75,000;

      6.     Statutory damages as allowed by 15 U.S.C. § 1117;

      7.     Treble damages as allowed by 15 U.S.C. § 1117;

      8.     Prejudgment interest as allowed by 15 U.S.C. § 1117;

      9.     Reasonable attorneys' fees incurred based on Defendants' willful violation of the Lanham Act;

///

///

///

///

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

10. Costs of suit; and

11. Such other and further relief as the Court deems proper.

Date: March 3, 2020                    Respectfully submitted,

HOWARTH & SMITH
DON HOWARTH
SUZELLE M. SMITH
KATHERINE HIGHT

By: _____
Suzelle M. Smith
Attorney for Plaintiff
KATZKIN LEATHER, INC.

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL

1                             **DEMAND FOR JURY TRIAL**

2         Plaintiff hereby demands a jury trial on all issues so triable pursuant to Federal

3 Rule of Civil Procedure 38.

4

5

6 Date: March 3, 2020                  Respectfully submitted,

7

8                                    HOWARTH & SMITH
                                   DON HOWARTH

9                                    SUZELLE M. SMITH
                                   KATHERINE HIGHT

10

11

12              By:

13                              Suzelle M. Smith
                             Attorney for Plaintiff

14                              KATZKIN LEATHER, INC.

15

16

17

18

19

20

21

22

23

COMPLAINT FOR INJUNCTION, DAMAGES, AND DEMAND FOR JURY TRIAL