HOWARTH & SMITH
DON HOWARTH, (SBN 53783)
dhowarth@howarth-smith.com
SUZELLE M. SMITH, (SBN 113992)
ssmith@howarth-smith.com
KATHERINE HIGHT, (SBN 287750)
khight@howarth-smith.com
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791
Attorneys for Plaintiffs
KATZKIN LEATHER, INC.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Daniel C. DeCarlo, (SB#160307)
dan.decarlo@lewisbrisbois.com
Robert M. Collins, (SB#254915)
robert.collins@lewisbrisbois.com
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 250-1800
Fax: (213) 250-7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Todd R. Seelman (admitted pro hac vice)
todd.seelman@lewisbrisbois.com
Robin Alexander (admitted pro hac vice)
robin.alexander@lewisbrisbois.com
William G. Cravens (admitted pro hac vice)
william.cravens@lewisbrisbois.com
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Tel: (303) 861-7760
Fax: (303) 861-7767

Douglas L. Mahaffey, Esq., SBN 125980
**MAHAFFEY LAW GROUP**
**A Professional Corporation**
20162 SW Birch, Suite 300
Newport Beach, California 92660
Telephone: (949) 833-1400
Facsimile: (949) 263-8736
Email: dougm@mahaffeylaw.com
Attorneys for Defendants
ROADWIRE, LLC, and CLASSIC
SOFT TRIM, INC.

1

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KATZKIN LEATHER, INC., | **Case No. 2:20-cv-02093-DSF-JEM** |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| ROADWIRE, LLC, and CLASSIC SOFT TRIM, INC, | |
| Defendants. | |

4852-4765-8444.1

Plaintiff, Katzkin Leather, Inc. ("Plaintiff" or "Katzkin") and Defendants, Roadwire, LLC and Classic Soft Trim, Inc. (collectively, "Defendants" or individually "Roadwire" and "CST") pursuant to Fed. R. Civ. P. 26(c) hereby stipulate and agree to the terms of the following Stipulated Protective Order governing the discovery and disclosure of certain information in this action, and further stipulate, as necessary, to the entry of a Protective Order adopting and enforcing the terms hereof. This Stipulated Protective Order shall govern all documents and information produced by Plaintiff and Defendants in this lawsuit, whether produced informally or pursuant to a formal discovery request and shall also include all documents, or, information contained in a document, or, information revealed during a deposition, or, in any interrogatory answer or otherwise disclosed in discovery, except as indicated below.

1.    PURPOSES AND LIMITATIONS

Discovery in this action involves production of information which would cause harm to the parties and to competition generally if it was made public and in certain instances if made known to the principals of the parties.  This information may include that which is not shared with nor is available to the public nor to competitors or their related entities.   Special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to restricted access under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file information designated confidential under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

standards that will be applied when a party seeks permission from the Court to file material under seal.

### 2.   GOOD CAUSE STATEMENT

This action involves trade secrets and customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure, protection from the parties' employees and principals, and protection from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3.   DEFINITIONS

3.1   Action: this pending federal lawsuit and any other actions deemed by the Court as related hereto or consolidated herewith.

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

3.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3    "CONFIDENTIAL": Materials that qualify for protection under Federal Rule of Civil Procedure 26(c). This includes, but is not limited to, trade secrets or other confidential research, development, commercial, or proprietary information.

3.4    Confidential Information or Items: all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials.

3.5    Counsel: Outside Counsel of Record and Other Counsel (as well as their respective support staffs, including attorneys in their firms).

3.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

3.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

3.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall mean a party's Materials, including trade secret Materials, that are the subject of the party's reasonable efforts to maintain their secrecy, disclosure of which to another party or non-party (other than a party's parent or related entity or the party's insurance carrier or possible insurance carrier or the party's bank or possible bank) would create a significant risk of material harm that could not be confidently avoided by less restrictive means.

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

4.0   "Materials" shall mean all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in response to discovery in this matter (including initial disclosures). The term "Materials" includes answers to interrogatories and other responses to discovery requests.

4.1   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.2   Other Counsel: other attorneys, paralegals, secretaries, and other support staff employed in the law firms representing or advising the parties.

4.3   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.4   Party: any party to this Action, including all of its officers, directors, employees, and consultants.

4.5   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.6   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) or other vendors retained by Counsel to aid in the prosecution, defense or settlement of the Action, and their employees and subcontractors.

4.7   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

4.8    Receiving Party: a Party that receives Disclosure or Discovery

4852-4765-8444.1

Material from a Producing Party.

4.9   Public knowledge:  anything independently  known by  or disclosed to a third party unrelated to the Parties, unless such information has been provided on the basis that the information be kept confidential, even if the information is not expressly marked as confidential, including but not limited to a business partner or consultant or a parent or subsidiary corporation including employees of such entity;

4.10  Third party: Entity not related to a party. The definition does not include a business partner or  consultant or a parent or subsidiary corporation or a corporation owned in whole or part by a parent or subsidiary entity, or a lawyer retained by a party for purposes other than this action, such as for tax advice, or a bank or insurance company, including employees of such entity.

5.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material in the filings required by the Court to be made in connection with the final status conference and at trial, shall be governed by the orders of the trial judge and other applicable authorities and not this Order.  Any Protected Material which is public  knowledge, or  becomes public during the pendency of the litigation, by any reason other than violation of this Order shall no longer be within the scope of this Order.

6.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be

4852-4765-8444.1

the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7.   DESIGNATING PROTECTED MATERIAL

7.1   Exercise of Restraint and Care in Designating Material for

Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2   Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

4852-4765-8444.1

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or the "AEO legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS'

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

EYES ONLY". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1.    <u>Timing of Challenges</u>. Within sixty (60) calendar days of a party receiving Materials in discovery (or such later time as reasonably needed and requested by the receiving party), the party may object to a designation of the Materials as Confidential Information. Within fourteen (14) calendar days after receiving such an objection (or such later time as reasonably needed and requested by the producing party), a producing party shall provide the basis for a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the designation is not explained to the satisfaction of the objecting party, or if there is no response within the required time period under Local Rule 37-1 *et seq.*, the receiving party may move the Court to remove or change the designation. For purposes of any such motion, the burden of persuasion regarding the appropriateness of the designation will fall on the designating party. The Materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

8.2    <u>Meet and Confer</u>. The Challenging Party shall follow the dispute resolution process under Local Rule 37-1 *et seq.*

8.3    The burden of persuasion in any such challenge proceeding shall be on

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Information designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by written agreement of the parties or by an order of the Court or by the terms of this agreement.

With respect to Confidential Information, any person indicated on the face of the Materials to be their originator, author, or a recipient of a copy thereof, may be shown the same, notwithstanding Sections 9.2 and 9.3 below and without signing the "Acknowledgment and Agreement to Be Bound" in the form of **Exhibit A**.

Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.     said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Agreement; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have fourteen (14) calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and

b.     the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel, the court reporter, and the person(s) covered by the below Sections 9.2 and 9.3.

9.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record and Other Counsel in this Action, as well as employees of said Outside Counsel of Record and Other Counsel and insurers to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

4852-4765-8444.1

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) third-party vendors, such as e-discovery providers, copy services, transcription services, or translators, retained by Counsel to aid in the prosecution, defense, or settlement of this action;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as **Exhibit A** hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) deponents not otherwise covered by the above, but only during the course of his or her deposition;

(k) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(l) any other person as to whom the parties in writing agree.

9.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record and Other Counsel and insurers to whom it is reasonably necessary to disclose the information for this Action;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(c) Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d) Judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and

(e) deponents, who authored or received the specific AEO documents during the course of regular business, outside litigation,  not otherwise covered by the above, but AEO documents as described in this paragraph may only be shown to the deponent during the course of his or her deposition and the deponent may not be shown such documents outside the deposition, nor given copies of such documents at any time; and any other person as to whom the parties in writing agree.

10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification

4852-4765-8444.1

shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

4852-4765-8444.1

confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as **Exhibit A**.

13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.   <u>MISCELLANEOUS</u>

14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Disclosure Required by Law or Order</u>. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of a court. If, at any time, any person in the possession, custody, or control of any Confidential Information (other than the producing party) receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such Confidential Information, the person to whom the subpoena or other compulsory process is directed shall, except where prohibited by law, provide prompt written notice and a copy of the subpoena or other compulsory process to the producing party. The producing party then shall have the burden of defending against or objecting to such subpoena or compulsory process to the extent it seeks Confidential Information.

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

14.3   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.4   <u>Advice to Clients</u>. Nothing in this Agreement shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the Confidential Information shall not be disclosed except as permitted elsewhere in this Agreement.

14.5   <u>Restrictions Not Applicable</u>.

(a)   The restrictions and obligations set forth herein shall not apply to any information that: (i) the parties agree should not be designated Confidential Information; (ii) is already public knowledge; (iii) has become public knowledge or becomes public knowledge during the pendency of the action other than as a result of a violation of this Agreement; or (iv) has come or shall come into the receiving party's knowledge independent of its production by the designating party.

(b)   The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with a person if that person already has independent knowledge of such Confidential Information.

14.6   <u>Notification</u>.  Notification to the parties shall be made by U.S. mail in accordance with the federal rules.  The  parties agree that they shall, as a courtesy only, use reasonable efforts to also give notice by email.

14.7   <u>Non-Parties</u>. A Non-Party that produces Materials in this litigation, whether pursuant to a subpoena or voluntarily, may agree in writing, provided to the parties, to subject themselves to the jurisdiction of the Central District of California,

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

including but not limited to Magistrate John E. McDermott and agree to be bound by this Stipulated Protective Order, and thereafter may designate Materials as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Agreement, in which event such designated Materials shall be subject to all of the provisions of this Agreement and afforded all of the protections set forth in this Agreement. In the event that a third party produces Materials in this litigation that it does not designate as Confidential Information but a party's Counsel reasonably believes in good faith should be designated as Confidential Information, the party may give written notice to the other parties of the specific Materials that should be deemed Confidential Information, after which the specified Materials shall be treated and labeled (or otherwise identified) as such.

14.8 <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter contained herein and supersedes all prior oral or written agreements and understandings. No amendment to or modification of this Agreement shall be effective unless it is in writing and is duly executed by counsel for the Parties.

15. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

4852-4765-8444.1

compilations, summaries or any other format reproducing or capturing any of the Protected Material, other than any Material which has been filed with the Court or lodged with the Court or has been designated for trial or has been used at trial. Any Protected Materials included with filings required by the Court to be made in connection with the final status conference and at trial, shall be governed by the orders of the trial judge and other applicable authorities and not this Order. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16. <u>VIOLATION</u>

Any violation of this Order is subject to the penalties available under the federal rules, local rules, other Orders of the Court and case law.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 25, 2020      **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:   <u>/s/ Robert M. Collins</u>

Robert M. Collins

Attorneys for Defendants

ROADWIRE, LLC and
CLASSIC SOFT TRIM, INC.

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

Dated: September 25, 2020             **MAHAFFEY LAW GROUP**

                              By:     /s/ Douglas L. Mahaffey

                                      Douglas L. Mahaffey

                                      Attorneys for Defendants

                                      ROADWIRE, LLC and CLASSIC SOFT
                                      TRIM, INC.

Dated: September 25, 2020             **HOWARTH & SMITH**

                              By:     /s/ Suzelle M. Smith

                                      Suzelle M. Smith

                                      Attorney for Plaintiff

                                      KATZKIN LEATHER, INC.

       Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated:  9/28/2020


                                       /s/John E. McDermott
                                      JOHN E. McDERMOTT
                                      United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that
I have read in its entirety and understand the Stipulated Protective Order that was
issued by the United States District Court for the Central District of California on
[date] in the case of _____ **[insert formal name of the case and the number
and initials assigned to it by the court]**.  I agree to comply with and to be bound by
all the terms of this Stipulated Protective Order and I understand and acknowledge
that failure to so comply could expose me to sanctions and punishment in the nature
of contempt.   I solemnly promise that I will not disclose in any manner any
information or item that is subject to this Stipulated Protective Order to any person or
entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court
for the Central District of California for enforcing the terms of this Stipulated
Protective Order, even if such enforcement proceedings occur after termination of this
action. I hereby appoint _____ [print or type full name] of
_____ [print or type full address and
telephone number] as my California agent for service of process in connection with
this action or any proceedings related to enforcement of this Stipulated Protective
Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**

4852-4765-8444.1